IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY ROSS BRUNSON, #48673                                                                PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 2:10-cv-221-KS-MTP

BILLY JOE LANDRUM, J. RONALD PARRISH,
MITCHELL H. VAN SYCKEL and TREA STAPLES                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently an inmate incarcerated in the Marshall County Correctional Facility, Holly Springs, Mississippi.  The named defendants are Billy Joe Landrum, Circuit Court Judge for Jones County, Mississippi; J. Ronald Parrish, Assistant District Attorney; Mitchell H. Van Syckel, Laurel Police Department; and Trea Staples, Laurel Police Department.

Background

The plaintiff complains that defendants Judge Landrum and Parrish conspired to change his indictment.  *Compl*. [1] at p.4.  Specially, plaintiff states that the original indictment states that he sold cocaine to Curtis Chambers, but the indictment was amended on March 1, 2005, to change the name of the purchaser to Yvonne Gandy.  *Resp*. [13] at p. 4.  Plaintiff further contends that defendants Syckel and Staples testimony were hearsay.  *Compl.* [1] at p. 4.  Moreover, plaintiff argues that there was insufficient evidence to convict him.  *Id*.  The plaintiff was indicted and eventually convicted for the sale of cocaine.  *See Brunson v. State*, 944 So.2d 922 (Miss. Dec. 12, 2006).  Plaintiff requests as relief release from custody and monetary damages.

Analysis

The Prison Litigation Reform Act [PLRA],  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted *in forma pauperis* status by an Order [8] entered on October 6, 2010, Section 1915(e)(2) applies to the instant case.

Initially, this Court must decide whether the plaintiff should pursue his claim requesting his release from custody as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (*citing  Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Id.,* (*citing Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  In fact, the United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Liberally construing plaintiff's claims relating to his conviction and his relief in the instant complaint requesting that this Court "release [him] and drop all other charge[s]," this Court has determined such a claim and request for relief are clearly habeas in nature.  Therefore,

even though plaintiff seeks relief in the form of an action pursuant to 42 U.S.C. § 1983, his sole remedy concerning his conviction and sentence is through a request for habeas relief. *Id.*; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).[1]

To the extent the plaintiff is requesting monetary damages as relief, the plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of

---

[1] This Court finds that the plaintiff previously filed a petition for habeas relief in *Brunson v. Streeter*, 2:09-cv-210-KS-MTP (S.D. Miss. Feb. 10, 2010). Having reviewed the record in *Brunson v. Streeter*, 2:09-cv-210-KS-MTP, this Court finds that the petition was dismissed by this Court on October 7, 2009, as being time barred pursuant to 28 U.S.C. § 2244(d). Therefore, in order for plaintiff to proceed with a second or successive habeas requesting relief from his conviction for the sale of cocaine, he must receive authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Plaintiff fails to establish that he has received such authorization.

his current conviction and imprisonment. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(holding that habeas relief is warranted when there is no evidence whereby a rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt); *see also Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir. 1991) (providing that "habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment.").

In the allegations of his complaint, attachments and responses filed in the instant civil action, the plaintiff fails to establish that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Therefore, to the extent the plaintiff is challenging the fact of his confinement and imprisonment and requesting monetary damages as relief, he is barred from proceeding under 42 U.S.C. § 1983 until the *Heck* conditions are met.

As discussed below, even in the event plaintiff meets the requirements of *Heck*, plaintiff cannot maintain the instant civil action against defendants Judge Landrum and J. Ronald Parrish, Assistant District Attorney. Case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit has developed a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. *See Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005). The four factors are "(1) whether

the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.

Applying the four factors set forth in *Ballard* to the instant case, this Court finds that it is clear that defendant Judge Landrum is entitled to judicial immunity. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Plaintiff fails to establish that the actions of defendant Judge Landrum were outside his normal judicial function in his official capacity as a judge. Finally, there is no indication that defendant Judge Landum's actions occurred outside the courtroom, his chambers/office or other appropriate space. Consequently, this Court finds that plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against defendant Judge Landrum since he is judicially immune.

A district attorney, when acting within the scope of his role as a prosecutor, enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). The allegations against defendant Parrish, Assistant District Attorney, demonstrate that said defendant was acting within his judicial discretion when prosecuting plaintiff and amending the indictment. Since there are no allegations establishing that defendant Parrish, Assistant District Attorney, was acting beyond the scope of his prosecutorial authority, he is absolutely immune from liability and damages under these circumstances. Thus, plaintiff cannot maintain this § 1983 action against defendant Parrish.

Finally, a witness in state judicial proceedings enjoys absolute immunity. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277-78 (5th Cir. 2001)( citing *Briscoe v. LaHue*, 460 U.S.

325 (1983).  Consequently, even if defendants Syckel and Staples gave false testimony at plaintiff's state court hearings, they are absolutely immune from suit under 42 U.S.C. § 1983. Thus, plaintiff cannot maintain a § 1983 civil action against defendants Syckel and Staples or any other witness he may wish to name as a defendant.

## Conclusion

As discussed above, the plaintiff's claim for habeas relief is not cognizable under 42 U.S.C. § 1983. Consequently, the claim for habeas relief will be dismissed for failure to state a claim upon which relief may be granted, pursuant to the Prison Litigation Reform Act [PLRA], 28 U.S.C. § 1915(e)(2)(B)(ii).  Moreover, plaintiff's claim for monetary damages, which essentially challenges his conviction, will be dismissed with prejudice for failure to state a claim until the *Heck* requirements are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  In addition, plaintiff's claim against defendants Judge Landrum, Parrish, Syckel and Staples are dismissed with prejudice because they are immune from the instant § 1983 civil action.

## Three-strikes provision

Since this case is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "Strike".  *See* 28 U.S.C. § 1915(g).  If plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered. All remaining pending motions will be denied as moot.

SO ORDERED, this the 5th day of April, 2011.

    *s/Keith Starrett*
    UNITED STATES DISTRICT JUDGE